IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

PAOLA BORTONI POINSOT, a minor,
by and through her parents and legal
guardians, SALVADOR BORTONI
MALDONADO and PAOLA POINSOT

       Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, **PAOLA BORTONI POINSOT,** a minor ("Paola"), by through her parents and legal guardians, **SALVADOR BORTONI MALDONADO and PAOLA POINSOT** (Paola and her parents are sometimes hereinafter collectively referred to as "Plaintiffs"), through undersigned counsel, file this Complaint for Damages against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.** (hereinafter "Defendant"), alleging upon information and belief as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiffs are seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on admiralty jurisdiction 28 USC § 1333.

2. At all times material hereto, Plaintiffs were and are residents of Monterrey, Mexico.

3. At all times material hereto, SALVADOR BORTONI POINSOT and PAOLA POINSOT were the parents and/or the legal guardians of PAOLA BORTONI POINSOT, a minor.

4. At all times Defendant was and is a for-profit, foreign corporation, which is based in and/or with agents in Miami, Florida, and is authorized to conduct and is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this Court. Defendant requires in the contract of carriage that all cases filed by passengers be filed in this jurisdiction.

5. At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the vessel M/S NAVIGATOR OF THE SEA and other vessels.

6. At all times material hereto, Defendant owned, operated, managed and/or controlled the M/S NAVIGATOR OF THE SEA .

7. At all times material hereto, Plaintiffs were  fare paying passengers aboard the M/S NAVIGATOR OF THE SEAS for the purpose of enjoying a vacation cruise.

8. At all material times hereto, Defendant owed a duty to Plaintiffs of using reasonable care under the circumstances in maintaining the premises of the M/S NAVIGATOR OF THE SEAS in a reasonably safe condition and operating the vessel in a reasonably safe manner.

9. On or about April 22, 2014, Paola was participating in the FlowRider surfing/boogie board activity when Paola fell severely injuring her collarbone and

shoulder.

10. The accident occurred due to the unsafe design of the FlowRider, the lack of adequate instruction and supervision, and Defendant's negligent failure to correct the dangerous condition and/or warn Plaintiffs of the aforementioned conditions.

11. Defendant knew or should have known of the dangerous and unsafe conditions alleged above, and failed to take reasonable steps to correct the hazards or warn Plaintiff of the hazards.

12. As a direct and proximate result of Defendant's negligence, Paola sustained injuries to her body and mind.

13. All pre-conditions to this action have been met or waived.

## COUNT I
## NEGLIGENCE

14. Plaintiffs adopt and re-allege paragraphs 1 through 13 above as fully set forth herein, and further alleges:

15. On or about April 22, 2014, and continuing thereafter, Defendant breached the duty owed to Plaintiffs by committing one or more of the following acts and/or was negligent in the operation, maintenance or control of the M/S NAVIGATOR OF THE SEAS in the following respects:

a. Failing to exercise reasonable care for the safety of its passengers, and creating a dangerous condition in and around the FlowRider;

b. Failing to provide a reasonable activity for passengers, reasonably designed for the safety of its passengers;

  c. Failing to adequately train its employees;

  d. Failing to adequately supervise its employees;

  e. Hiring inexperienced or non-experienced personnel responsible for the safety of the passengers engaging in onboard activities, such as the FlowRider;

  f. Failing to provide an adequate number of supervisory personnel aboard the vessel;

  g. Failing to warn passengers, whom Defendant knew or should have known would be using the FlowRider of the dangerous conditions which existed when passengers participated in this activity on the ship;

  h. Failing to provide reasonable instructions to Paola regarding the use of the FlowRider;

  i. Failing to investigate similar incidents on its vessels;

  j. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the M/S NAVIGATOR OF THE SEAS and other vessels in its fleet of cruise ships;

  k. Failing to adequately investigate prior and subsequent incidents involving FlowRiders on the M/S NAVIGATOR OF THE SEAS and other vessels in its fleet of cruise ships;

  l. Failing to post adequate warnings to passengers of the dangerous and unsafe condition in and about the FlowRider activity of the M/S NAVIGATOR OF THE SEAS and other vessels in its fleet of cruise ships;

  m. By designing, manufacturing, installing, creating and/or maintaining an

unsafe FlowRider system;

n.  Failing to adopt and implement a safety protocol to be followed by FlowRider personnel when people are injured on the FlowRider; and

o.  Other acts of fault and negligence which will be proven at the trial of this matter.

16. Defendant's negligence, as described above, caused the injuries Plaintiffs complains of in this lawsuit.

17. The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiffs, as follows:

a.  Paola has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience and loss of capacity for the enjoyment of life;

b.  Plaintiffs have incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

c.  Paola has suffered an aggravation of a pre-existing condition.

18. Defendant is at fault for causing Paola's injuries and is liable to her for the above described damages which are continuing and/or permanent in nature.

19. Plaintiffs lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

20. All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiffs allege negligence of Defendant and pray that judgment be

entered in Plaintiffs' favor and against Defendant, for damages, costs, interest, pre-judgment interest and for all such other relief to which Plaintiffs may be entitled by virtue of these proceedings.

## COUNT II
## STRICT PRODUCTS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND UTILIZATION OF THE FLOWRIDER

21. Plaintiffs adopt and re-allege paragraphs 1 through 13 above as fully set forth herein, and further allege:

22. At all times material hereto Defendant owed a duty to its passengers, and in particular to Plaintiffs, to maintain and operate its vessel, the M/S NAVIGATOR OF THE SEAS, in a reasonable manner under the circumstances.

23. At all times material hereto, Defendant was a manufacturer, designer, distributor, and/or was otherwise within the chain of distribution of the FlowRider product, having put the FlowRider on which Paola was injured into the channels of trade.

24. At all times material hereto, Defendant manufactured, designed, installed and/or utilized the FlowRider on the M/S NAVIGATOR OF THE SEAS, and as such owed a duty to its passengers, and in particular to the Plaintiffs, to design the FlowRider without any defects.

25. At all times material hereto, Defendant, through its agents and/or employees who were acting in the course and scope of their employment and/or agency with the Defendant, designed, installed, and utilized the FlowRider. The design of the FlowRider, is/was an unreasonably and inherently dangerous design and presented a foreseeable risk of serious injury to passengers, thus constituting a breach of Defendant's duty of care to

the Plaintiffs. In particular, the wash-out area of the FlowRider was too short and lacked sufficient padding.

26. At all times material hereto, Defendant knew or had reason to know that the FlowRider was unreasonably dangerous. Defendant knew or had reason to know that the FlowRider was unreasonably and inherently dangerous because prior incidents, like the one described herein, have occurred on their vessels.

27. Defendant had a duty to warn passenger, who were unaware of the dangers involved in the FlowRider activity, that the attraction was likely to be dangerous.

28. The design flaw and lack of warning which made the FlowRider onboard the M/S NAVIGATOR OF THE SEAS inherently and unreasonably dangerous was the direct and proximate cause of the Paola's injuries.

29. The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiffs, as follows:

    a. Paola has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life;

    b. Plaintiffs have incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

    c. Paola has suffered an aggravation of a pre-existing condition

30. Defendant is at fault for causing Paola's injuries and is liable to her for the above described damages which are continuing and/or permanent in nature.

31. Plaintiffs lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

32. All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiffs allege negligence of Defendant and prays that judgment be entered in Plaintiffs' favor and against Defendant, for damages, costs, interest, pre-judgment interest and for all such other relief to which Plaintiffs may be entitled by virtue of these proceedings.

Dated:  September 16, 2014

Miami, Florida                                                          Respectfully submitted,


/s/ Jonathan B. Aronson                         /s/ James M. Walker
Jonathan B. Aronson                              James M. Walker
Florida Bar No. 434116                           Florida Bar No. 755990
ARONSON LAW FIRM                                 WALKER & O'NEILL, P.A.
Attorney for Plaintiffs                          Attorney for Plaintiffs
5730 S.W. 74th Street, Suite 800                 7301 S.W. 57 Court, Suite 430
South Miami, Florida 33143                       South Miami, Florida 33143
Tel. No.     (305) 662-1233                      Tel. No.     (305) 995-5300
Facsimile:   (305) 662-1266                      Facsimile:   (305) 662-1266
jaronson@aronsonlawfirm.com                      jwalker@cruiselaw.com

## CERTIFICATE OF SERVICE

   I hereby certify that on September 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

| /s/ Jonathan B. Aronson | /s/ James M. Walker |
|---|---|
| Jonathan B. Aronson (434116) | James M. Walker (755990) |

## SERVICE LIST

| | |
|---|---|
| Jonathan B. Aronson, Esq. | James M. Walker, Esq. |
| *Co-Counsel for the Plaintiff* | *Counsel for the Plaintiff* |
| Aronson Law Firm | Walker & O'Neill, P.A. |
| 5730 S.W. 74 Street, Suite 800 | 7301 S.W. 57 Court, Suite 430 |
| Miami, Florida 33143 | South Miami, Florida 33143 |
| Telephone: (305) 662-1233 | Telephone: (305) 995-5300 |
| Facsimile:  (305) 662-1266 | Facsimile:  (305) 995-5310 |
| **Email:** jaronson@aronsonlawfirm.com | **Email:** jwalker@cruiselaw.com |